### COMMONWEALTH *vs.* HONORA HIGGINS.

An appointment of a police officer by the selectmen of a town, "to continue in said office till the next annual town meeting," is a valid appointment during their pleasure, under *St.* 1851, *c.* 162, authorizing selectmen to appoint police officers, who shall hold their office during the pleasure of the selectmen by whom they are appointed.

INDICTMENT for an assault and battery upon Edward C. Hogan. At the trial in the court of common pleas, before *Sanger*, J., it appeared that the assault was committed while Hogan was attempting to arrest a minor son of the defendant, under a warrant addressed to Hogan as police officer of Chicopee. The only authority, under which Hogan claimed the right to make the arrest, was that derived from the *St.* of 1851, *c.* 162, (which is copied in the margin,*) and from the following vote of the selectmen of Chicopee, passed on the 5th of September 1853: "Voted, That Edward C. Hogan be appointed a police officer of this town, to continue in said office till the next annual town meeting, with all the powers of constable, except the power of serving and executing civil process."

The defendant contended that, as the selectmen were not authorized by the statute to appoint police officers for a specified time, but only during their pleasure, Hogan, although since duly sworn, was not duly constituted a police officer by this vote, and had no authority to make the arrest, and was a trespasser, and the defendant had a right to use reasonable and proper force and violence to resist him in his attempt to make the arrest. But the judge ruled that the appointment was valid, and that the defendant had no right to hinder or oppose Hogan in his attempt

---

* "An act providing for the appointment of police officers.

"The mayor and aldermen of the several cities, and the selectmen of the several towns, in this commonwealth, may, from time to time, appoint such police officers for their respective cities and towns as they may judge necessary, with all or any of the powers of constables, except the power of serving and executing any civil process; and the said police officers shall hold their offices during the pleasure of the mayor and aldermen, and selectmen, by whom they are respectively appointed."

to make the arrest. A verdict of guilty was returned, and the defendant alleged exceptions.

*M. J. Severance*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The selectmen of Chicopee had no authority to appoint a police officer, except under the *St.* of 1851, *c.* 162. It was therefore their duty to exercise the power conferred by the statute according to its terms. They could not enlarge the legal tenure of the office, which is fixed to be during their own pleasure. But it seems to us, that the power was properly executed by them in the present case, and that the appointment of the prosecutor was valid. It was expressly limited to continue only until the next annual election of town officers, being the time for which the selectmen, who made the appointment, were elected to office. They did not undertake to extend it beyond the term of their own official existence. Construed with reference to the authority conferred by the statute, this was equivalent to an appointment during their pleasure, because it was clearly in their power to remove the officer at any time during their continuance in office as selectmen of the town for that year. He was therefore appointed for that time, subject to be removed at their pleasure. The appointment not having been revoked at the time of the service of the warrant, the officer was still acting during their pleasure, and according to the legal tenure of his office. If he had undertaken to act after his removal by the selectmen; or if the appointment had been originally made by its terms to extend beyond the term of office of the selectmen who made it, and the officer had acted, by virtue of such authority, since that time expired ; his right to exercise the functions of the office would have been open to question. But as the case stands, we think the appointment was substantially according to the terms of the statute. *Exceptions overruled.*